```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PHARMACY, INC.,
```

        Plaintiff                          **ORDER**

      -against-                       Civil Action No. 05-776
                                                 (DRH)(AKT)

```
AMERICAN PHARMACEUTICAL
PARTNERS, INC.

            Defendant.
--------------------------------------------------------X
```

**Appearances:**

**For the Plaintiff**
**Rosenberg Feldman Smith LLP**
551 Fifth Avenue, 24th Floor
New York, New York 10176
By:    Michael H. Smith, Esq.

**For the Defendant**
**Morrison & Foerster LLP**
1290 Avenue of the Americas
New York, New York 10104
By:    Karen L. Hagberg, Esq.
        David J. Fioccola, Esq.

**HURLEY, Senior District Judge:**

       Presently before the Court is the motion of Defendant American Pharmaceutical Partners, Inc. ("APP" or "Defendant"), to strike seventy-nine of the eighty-six[1] paragraphs of the affidavit of Stuart Meadow ("Meadow") and eight of the ten paragraphs of the declaration of Michael Smith, both of which were submitted by Plaintiff Pharmacy, Inc. ("Pharmacy" or "Plaintiff") in

---

[1] No objections are raised as to paragraphs 1, 11, 17, 22, 41, 59 and 84.

opposition to APP's motion for summary judgment. Having considered the parties' submissions and arguments, the motion is granted in part and denied in part.

## The Standard for a Motion to Strike

Whether to grant or deny a motion to strike is vested in the trial court's sound discretion. *See, e.g., Hollander v. Amer. Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999); *Whitted v. Gen. Motors Corp.,* 58 F.3d 1200, 1203 (7th Cir. 1995). In resolving motions to strike, court use "a scalpel, not a butcher knife." *Perez v. Volvo Car Corp.,* 247 F.3d 303, 315 (1st Cir. 2001). In other words, the court will strike only those portion*s* that are improper. The party moving to strike bears a heavy burden, as court generally disfavor motions to strike. *See generally* 5C Fed. Prac. & Proc. 2d § 1380 at 783); *accord Morse v. Weingarten,* 777 F. Supp. 312, 319 (S.D.N.Y. 1991).

## The Meadow Affidavit

APP moves to strike paragraphs 2, 3, 4, 14, 15, 16, 18, 33, 39, 55, and 60 on the ground, inter alia, they are argumentative. On that ground, the motion to strike is granted as to these paragraphs.[2] Although some of these paragraphs are transition and/or summary paragraphs, they are more appropriate for a memorandum of law than an affidavit.[3]

---

[2] A portion of paragraph 33 also contains heresay and therefore is subject to being stricken on that ground as well. *See H. Sand & Co. v. Air Temp Corp.,* 934 F.2d 450, 454-55 (2d Cir. 1991) (hearsay assertion not admissible at trial is not competent material for a Rule 56 affidavit).

[3] While Pharmacy's affidavits contain material that is more appropriate for a memorandum of law, APP submits memorandum containing factual assertions more appropriate for an affidavit but for which no affidavit or other supporting evidence is submitted. *See e.g.,* Mem. of Law in Supp. of [APP's] Mot. for Summary Judgment at p. 24 (claiming, without

Defendant's motion to strike is denied as to the following paragraphs of the Meadows affidavit inasmuch as these paragraphs are limited to recitations of the provisions of the Asset Purchase Agreement (the "Agreement"), which agreement is the subject of this action and a copy of which was submitted by Defendant in its moving papers: paragraphs 9, 10, 12. For the same reason, the portions of paragraphs 21, and 85 which refer to the Agreement shall stand.

Paragraph 13 merely refers to and recites the allegations of the complaint in this matter. As president of Pharmacy, Meadow is presumed to have personal knowledge of the contents of the complaint. *Cf. DIRECTV, Inc. v. Budden,* 420 F.3d 521 (5th Cir. 2005) (personal knowledge reasonably inferred from affiant's position with the plaintiff corporation).

The vast majority of the seventy-nine challenged paragraphs of the Meadow's affidavit are objected to on the grounds they are argumentative and Meadow lacks personal knowledge of the information set forth therein. Meadow does indeed lack personal knowledge of the facts set forth in many of these paragraphs. Having said that, it is also true that in the majority of these paragraphs, Meadow is reciting from clearly referenced and attached documents and deposition transcripts. The attached documents, for the most part, are clearly identifiable as having been produced by APP. Other documents are public documents filed with regulatory agencies or released to the press by APP. *See Spitzer v. Saint Francis Hospital,* 94 F. Supp. 2d 423 (S.D.N.Y. 2000 (public documents filed with regulatory agencies or released to press by defendants are admissions of party opponent and thus not excludable from summary judgment affidavit). While Meadow does characterize the evidence, that characterization shall not

---

citation to any evidence, that to market and sell Steri-Tamp in Europe, APP would have to expand its entire business and establish a European sales force.)

prejudice the Court, which will review the documentary and deposition evidence and draw its conclusions from the documents and depositions submitted, not Meadow's characterizations of it. *See State of New York v. Solvent Chemical co., Inc.,* 225 F. Supp. 2d 270, 277-78 (W.D.N.Y. 2002) (citing *In re NASDAQ Market-Makers Antitrust Litigation,* 164 F.R.D. 346, 350 (S.D.N.Y. 1996)). For this reason, the motion to strike is denied as to the following paragraphs of the Meadow's affidavit: 5 through 8; 19 through 21; 25 through 29; 31 and 32; 38; 40 through 54; 61 through 66; 68; 69; 72; 75-77; 79-80; 85.[4] Unlike the foregoing paragraphs, paragraph 30 does not cite deposition testimony or documents. It shall be stricken.

APP has raised as a basis for the striking of Paragraphs 8, 16, 23, 24, 34-38 and 54, the parol evidence rule. The parol evidence rule is generally stated as follows:

> When two parties have made a contract and have expressed it in writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. . . . However, when the obligations are not clearly stated–when they are ambiguous–the parol evidence rule does not prevent the introduction of extrinsic evidence to aid in interpretation of the contract. The rule excludes only evidence of prior understanding and negotiations which contradicts the unambiguous meaning of a writing which completely and accurately integrates the agreement of the parties. . . .When extrinsic evidence is considered for the purpose of interpretation, the parol evidence rule is inoperative. . . . Then, the evidence is not considered to vary or contradict the terms of an integrated agreement; rather the parol is used to determine what the terms of the agreement are.

*Garza v. Marine Trans. Lines, Inc.,* 861 F.2d 23, 26-27 (2d Cir. 1988) (internal citations, italics

---

[4] While it would seem to the Court that the better practice would have been to include many of these paragraph's in Pharmacy's response to APP's 56.1 statement, the Court will not fault Pharmacy for not doing so given that APP failed to include any statements of material facts with respect to its contention that Pharmacy's claim for lost profits is speculative.

and quotations omitted).  In other words, the threshold issue for the admissibility of parol evidence is whether the contract is ambiguous.  Hence, the Court shall not strike the paragraphs at issue.  Rather, the Court shall only consider them to the extent the Court determines the Agreement to be ambiguous.  With respect to paragraphs 23 and 24, the Court notes that APP opened the door to this testimony by its assertion in paragraph 5 of its Rule 56.1 statement. Having said that, the subject of the these paragraphs is not relevant to the issues presented in the summary judgment motion.

Paragraphs 19, 20, 56-58, 61-76, and 78-83, all deal with Pharmacy's claim for lost royalties and the bases therefore.  APP argues that these paragraphs should be stricken for lack of personal knowledge.  Specifically, APP argues that Meadow has no personal knowledge of APP's projections nor can he testify as to what Pharmacy's expert, Dr. Gaughan did or did not do.  With respect to those paragraphs dealing with APP's projections, as set forth above, they reference attached deposition transcripts and documents.  Accordingly, they shall not be stricken. With respect to the remaining paragraphs,  APP's objection must be put in context of what is at issue on the motion for which the affidavit was submitted..  APP has not moved to exclude Pharmacy's  experts report.  Rather, it moves for summary judgment on the grounds that the calculation of lost royalties is based "on unsupported assumptions provided by Plaintiff." Having so framed the issue, APP cannot turn around and seek to preclude Plaintiff from setting forth the bases for those assumptions.  The motion to strike these paragraphs is denied.

Having considered APP's other arguments, the Court finds them without merit.

To summarize, the motion to strike the Meadow affidavit is granted for paragraphs 2, 3, 4, 14, 15, 16, 18, 30, 33, 39, 55, and 60  but otherwise denied.

## The Smith Declaration

APP also seeks to strike paragraphs 2 through 10 of the declaration of Pharmacy's counsel, Michael Smith. The motion is denied.

APP argues that paragraphs 2-3, 5-6 and 8-10 should be stricken because, inter alia, they are argumentative. However, *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) allows an attorney a degree of latitude to characterize the evidence by informing the court of the basis for the summary judgment motion and identifying the portion of the record counsel believes demonstrates the absence of genuine issues of fact. *Id.* at 323. The same latitude should apply to counsel opposing summary judgment. Opposing counsel should be allowed to inform the court of the basis for opposing the motion for summary judgment and identifying those portions of the record counsel believes demonstrates the existence of material issues of fact. In either case, the characterization will not prejudice the court, who will conduct its own review of the evidence submitted and draw its own conclusions based on that evidence. *See State of New York,* 225 F. Supp. 2d at 277-78.

APP objects to paragraphs 3 through 8 on the grounds that Smith lacks personal knowledge and that they are conclusory and based on speculation and conjecture. However, these paragraphs set forth the nature of Dr. Gaughan's retention as well as the basis for the assumptions used in the calculation of damages. As set forth above, having moved for summary judgment on the ground that the calculation of lost royalties is based "on unsupported assumptions provided by Plaintiff," APP cannot now claim that Pharmacy and its counsel have no personal knowledge of the basis for the assumptions they provided to Dr. Gaughan.

Having considered APP's other contentions, the Court finds them without merit.

## Conclusion

APP's motion to strike is granted to the extent that paragraphs 2, 3, 4, 14, 15, 16, 18, 30, 33, 39, 55, and 60 of the affidavit of Stuart Meadow, sworn to on January 11, 2007, shall be deemed stricken, but is otherwise denied.

**SO ORDERED.**

Dated: Central Islip, New York
      September 14, 2007

/s/
Denis R. Hurley
Senior District Judge