**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PHARMACY, INC.,

                                Plaintiff,          **MEMORANDUM**
                                                                 **AND ORDER**

      - against -

                                                                 CV 05-776 (DRH) (AKT)

AMERICAN PHARMACEUTICAL
PARTNERS, INC.,

                                Defendant.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court are two motions to compel additional discovery filed by Pharmacy, Inc. ("Plaintiff") and a third motion filed by American Pharmaceutical Partners, Inc. ("APP" or "Defendant") for preclusion of certain evidence. Plaintiff's first motion seeks to reopen discovery on what Plaintiff refers to as "two limited matters." Plaintiff claims to be asking only that Defendant "supplement its prior production in those matters to bring it current." Pl. Sept. 26, 2007 Letter [DE 89]. Defendant opposes that motion, arguing that Plaintiff has not satisfied the standard for re-opening discovery [DE 92].

      Plaintiff's second motion to compel seeks an order directing Defendant to supplement its answers to two interrogatories which I required Defendant to answer previously by Order dated April 12, 2006 [DE 113]. Defendant opposes that motion on the same grounds [DE 114]. For the reasons set forth below, Plaintiff's first motion to compel is GRANTED, in part, and DENIED, in part. Plaintiff's second motion to compel is GRANTED

      Defendant separately moves the Court for an order precluding (1) Plaintiff from introducing as evidence any documents considered by Plaintiff's expert but not relied upon by

him in his report (2) any supplementation to Plaintiff's expert report, and (3) Plaintiff's expert from relying on or referring to either group of documents at trial [DE 103]. Plaintiff opposes that motion [DE 104] and Defendant has filed a reply memorandum in further support of the motion [DE 109]. The parties appeared for oral argument on the motion for preclusion on April 17, 2008. For the reasons set forth below, Defendant's motion is DENIED.

**I.     BACKGROUND**

Plaintiff's Complaint, originally filed in February 2005, asserts four separate breach of contract claims. Those claims arise out of an agreement between Plaintiff and Defendant whereby Defendant acquired the foreign and domestic intellectual property rights to three products distributed by Plaintiff: Steri-Temp; Steri-Tamp and Quali-Quick. Pursuant to the terms of the agreement, APP was obligated to make payments to Plaintiff when net sales of the products reached certain specified levels and also to use "commercially reasonable best efforts and commercially reasonable resources, personnel, financing to market and sell the product." *See Pharmacy, Inc. v. American Pharmaceutical Partners, Inc.,* 511 F. Supp. 2d 324 (E.D.N.Y. 2007). In addition, Defendant agreed to pay Plaintiff 5% of net sales for Steri-Tamp and 7% of net sales for Quali-Quick "for as long as [Defendant] markets and sells, sublicenses, distributes or otherwise deals in such products." *Id.* Thus, Defendant's obligation to make payments to Plaintiff under the terms of the agreement is a continuing one.

APP moved for summary judgment before Judge Hurley "(1) on any claims for lost sales of Steri-Tamp in Europe because the Agreement does not require APP to market and sell in Europe; (2) on any claims for lost profits of Steri-Temp and Quali-Quick based on the Illinois 'new business rule;' and (3) for lost profits of Steri-Tamp and Quali-Quick as too speculative in

that Plaintiff's damages expert relied on unsupported assumptions provided by Plantiff and failed to consider which portion of Pharmacy's Steri-Tamp damages were caused by APP." *Id.* Judge Hurley denied Defendant's motion, other than with respect to any claim for lost royalties for Steri-Temp. *Id.* Accordingly, the remaining issues will be addressed at trial.

With respect to Plaintiff's first motion, Plaintiff is seeking the production of all communications with Custom Tape Company, the manufacturer of Steri-Tamp, including any orders by Defendant. In addition, Plaintiff is seeking the production of launch plans, market projections or market studies and forecasts for its products outside the United States from the time discovery closed on June 15, 2006. Plaintiff also repeats an earlier request for the production of documents purportedly identified in the affidavits of Carlo Montagner and Patrick Soon-Shiong. These documents relate to marketing plans for ABRAXNE (a proprietary cancer drug sold by Abraxis BioScience, Inc.). Finally, Plaintiff requests permission to amend the Pretrial Order to include as trial exhibits certain documents used by Plaintiff in opposition to Defendant's motion for summary judgment. Plaintiff contends that these categories of documents were all requested prior to the close of discovery and Plaintiff is simply seeking an order requiring Defendant to supplement its original production.

Defendant responds first that Plaintiff is not requesting a supplementation because all documents available prior to the close of discovery have already been produced. Rather, Defendant argues that Plaintiff is seeking to reopen discovery and Plaintiff has not satisfied the standard for doing so. Second, Defendant argues that Plaintiff seeks discovery of documents relating to sales of ABRAXANE. According to Defendant, these documents have no connection to any of the issues in this case because Abraxis BioScience, Inc. and the entity that sells Steri-

Tamp – American Pharmaceutical Partners, Inc. – are operated as two separate, independent public companies. Thus the marketing plans for one entity are not relevant with respect to the business of the other entity.

Plaintiff's second motion to compel requests that Defendant be directed to supplement its May 10, 2006 answers to two interrogatories: (1) the date, quantity and dollar amount of each order for Steri-Temp and Quali-Quick placed by Defendant with Custom Tape in 2005 and 2006 and (2) each effort made by Defendant to market and sell Steri-Temp and Quali-Quick in 2005 and 2006. Plaintiff requests the Defendant answer those two interrogatories for the balance of 2006, 2007 and 2008 and to produce documents supporting those answers, so as to bring those answers current. Defendant again responds that Plaintiff has not satisfied the standard to reopen discovery.

In the third motion under consideration here, Defendant moves to preclude Plaintiff from using, in support of Dr. Gaughan's opinion at trial or during motion practice, the data and information Dr. Gaughan considered but did not rely on in his report. Additionally, Defendant argues Dr. Gaughan should be precluded from relying on or referring to these data and information at trial. Plaintiff's response is simply that Defendant's never asked for the documents and in any event, the majority of the documents have already been produced.

## II.  DISCUSSION

### A.  Duty To Supplement

Plaintiff phrases its two motions as seeking an order requiring Defendant to supplement its earlier productions pursuant to Federal Rule of Civil Procedure 26(e). However, a party is under no duty to produce documents which did not exist prior to the close of discovery. *See, e.g.,*

*Hnot v. Willis Group Holdings, Ltd.,* No.01 civ 6558, 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006) (party under no obligation to supplement production with documents prepared after the close of discovery); *In re High Fructose Corn Syrup Antitrust Litig.,* 95 Civ. 1477, 2000 WL 33180835, at *3 (C.D.Ill. July 19, 2000) ("[P]ursuant to the clear language of Federal Rule of Civil Procedure 26(e)[, defendants] were under no obligation, absent an order from the Court or upon discovering that a response to the July 15, 1997, discovery request was materially incomplete or incorrect, to provide information not yet in existence as of the date they answered the discovery request."). Thus, Rule 26(e) does not require Defendant to supplement its earlier responses, as suggested by Plaintiff.

### B. Reopening Discovery

Because Plaintiff's motion cannot be considered a motion to supplement, it must be considered a motion to reopen discovery. A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery. *See, e.g.,Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"). Courts from outside this District have applied a six part test in analyzing a request to reopen discovery. In *Smith v. United States,* 834 F.2d 166, 170 (10th Cir. 1987), the court considered the following factors:

>1) whether trial is imminent, 2) whether the request is opposed, 3)

5

> whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 170 (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984); *Wilk v. American Medical Association*, 719 F.2d 207, 232 (7th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984); *Geremia v. First National Bank of Boston*, 653 F.2d 1, 56 (1st Cir.1981). Application of this test is helpful here and is consistent with the case law within this Circuit.

### 1. A Trial Date Is Not Imminent

The trial in this action is not imminent. No trial date has been set, and indeed, allowing Plaintiff certain of the discovery requested may streamline the trial once a date is set. Defendant argues that despite the fact that damages in this case are not set and continue to accrue for the life of the contract at issue, no additional discovery should be allowed. It is Defendant's contention that despite the close of discovery over two years ago, there is no need for additional discovery now because Plaintiff can ask witnesses at trial about additional damages. This is not the most efficient way to proceed and indeed is contrary to the purpose of discovery which allows the parties to explore damage theories before trial. *See, e.g., Geneva Pharmaceuticals Technology Group v. Barr Laboratories, Inc.,* No. 99 Civ. 3607, 2005 WL 21322438 at * 7 (S.D.N.Y. Sept. 6, 2005) ("[f]airness requires that the parties have an opportunity to explore the new environment through discovery so that any verdict that a jury returns reflects as closely as possible the realities of the marketplace"). Thus, this factor weighs in favor of Plaintiff.

## 2. Opposition To Motion To Reopen Discovery

The request to reopen discovery has been opposed by Defendant; however, the basis for such opposition is unavailing. Defendant contends that Plaintiff's motion to re-open discovery should be denied on four grounds:

(1) discovery has been closed for 16 months and events that occur after the close of discovery do not justify reopening discovery – as discussed above, this argument fails because the documents will need to be produced either now or at trial and there is no valid justification offered for waiting until trial;

(2) Defendant has answered the subject document request in good faith and is under no obligation to supplement – as discussed above, Defendant is correct, it is under no duty to supplement; however, the inquiry does not end there;

(3) Plaintiff had ample time during discovery to explore this discovery and did not – Plaintiff did receive the requested responses, other than with respect to marketing plans for ABRAXANE, prior to the close of discovery, and is seeking additional documents now to afford a fuller picture for purposes of damages, which are continuing; and

(4) the sale of ABRAXANE is not relevant to Plaintiff's case and therefore the documents requested in Plaintiff's motion to compel relating to ABRAXANE marketing plans should not be produced – as discussed below, this argument impacts only a small portion of the documents requested by Plainitff – the documents purportedly referenced in the affidavit of Messrs. Montagner and Soon-Shiong – and as discussed below, Plaintiff's motion to compel the production of such documents is denied.

### 3. Prejudice To Defendant

Defendant contends that to permit further discovery at this stage would divert significant additional time and expenses when the parties are preparing for trial. Def. Oct. 25, 2007 Letter at 2 [DE 92]. Defendant's position is belied by the facts of this case. If Plaintiff were to prevail at trial, damages would include an amount representing lost profits through the date of trial. Consequently, Defendant will be required to produce the information requested by Plaintiff in either event, through discovery or at trial. I see no justification for waiting until trial to require the production of the requested materials (other than documents referenced in affidavits).

### 4. Diligence of Plaintiff in Seeking Discovery

Plaintiff was diligent in seeking this discovery prior to the close of discovery and therefore, this factor weighs in favor of granting Plaintiff's request to reopen discovery. All of the information requested by Plaintiff on the two pending motions to compel was sought by Plaintiff prior to the close of discovery (other than with respect to the ABRAXANE documents) and Plaintiff now simply seeks to have Defendant bring its responses up to date in light of the two years that have transpired since the close of discovery. Because of the ongoing nature of Plaintiff's potential recovery, this request is reasonable.

### 5. Foreseeability of the Need For this Discovery

As discussed above, Plaintiff's need for this discovery was foreseeable. Again, Plaintiff's claim for lost profits is ongoing and given the two years since the close of discovery, it is foreseeable that additional discovery would be required prior to the start of trial.

### 6. Likelihood That Discovery Will Lead To Relevant Evidence

The final factor to be considered is whether the requested material is likely to lead to the

discovery of admissible evidence. "When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery". *Harris v. Computer Associates Intern'l Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001). There is no question that the discovery requested by Plaintiff with respect to its damages and marketing plans for Steri-Temp and Quali-Quick will likely lead to relevant evidence.

Plaintiff's request for documents relating to the ABRAXANE marketing plans, however, fails to satisfy this test. Defendant has demonstrated to the Court that ABRAXANE is sold through an entity separate and apart from Defendant. Marketing plans for a product sold in an entity separate and apart from Defendant are not relevant for purposes of this action. Therefore, Plaintiff's motion is denied to the extent it seeks the production of documents purportedly referenced in the affidavits of Messrs. Montagner and Soon-Shiong, and described in Plaintiff's letter of January 25.

### B. Preclusion Of Plaintiff's Expert

The remedy of preclusion is a drastic one. *See Equant Integration Services, Inc. v. United Rental (North America), Inc.*, 217 F.R.D. 113, 118 (D. Conn. 2003) (citing cases); *see also Babcock v. Rezak*, No. 96 Civ. 0394, 2002 WL 31654995, at *1 (W.D.N.Y. Nov. 6, 2002) (noting that the preclusion of expert testimony is "'a drastic remedy and should only be applied in those rare cases where the party's conduct represents bad faith and callous disregard of the Federal Rules of Civil Procedure'") (quotations omitted). The Second Circuit has stated that the following factors are relevant in the determination of whether preclusion is appropriate: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of

having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir.1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir.1988)).

### 1. Plaintiff's Explanation For Failure To Comply With Discovery Rules

Plaintiff offers no explanation for its failure here. Plaintiff simply states that Defendant did not ask for the list of documents prior to the deposition of Dr. Gaughan or at any time before Judge Hurley's ruling regarding the testimony of Dr. Gaughan. This is not an adequate explanation. It was Plaintiff's duty to comply with the Federal Rules of Civil Procedure and not Defendant's obligation to seek to force Plaintiff to comply. However, it is somewhat disingenuous for Defendant to now claim a substantial hardship because the documents were not identified sooner, when Defendant was aware all along that the documents had not been identified. "The rules of discovery were not designed to encourage procedural gamesmanship, with the lawyers seizing upon mistakes made by their counterparts in order to gain some advantage." *Outley*, 837 F.2d at 590.

### 2. Importance of The Testimony of the Precluded Witness

Defendant seeks to limit the use by Plaintiff's expert of documents that may be admitted into evidence for other purposes. Defendant also objects to the so-called supplemental reports of Dr. Gaughan. These amendments do indeed appear to be typographical corrections and Defendant has not offered any arguments to the contrary. Accordingly, Defendant's motion to limit Dr. Gaughan's reference to the supplemental reports is DENIED.

### 3. Prejudice Suffered by Defendant

Plaintiff has prepared an analysis of the 30 documents identified by Dr. Gaughan as

reviewed but not relied on. *See* Exhibit B to Declaration of Michael Smith. According to the analysis, in Plaintiff's words, "almost" all of the documents reviewed by Dr. Gaughan were produced. Pursuant to the Federal Rules of Civil Procedure, *all* documents considered by Plaintiff's expert must be produced.

The Advisory Committee Notes for the 1993 Amendments to Rule 26 observe that "litigants should no longer be able to argue that materials furnished to their experts . . . – whether or not ultimately relied upon by the expert – are privileged." This comment has been interpreted by Courts within this district as requiring disclosure of the materials reviewed by the expert, even if the expert did not "rely" on the document. *See, e.g., Sicurelli v. Jeneric/Pentron, Inc.,* No. 03-CV-4934, 2006 WL 1329709 (E.D.N.Y. May 16, 2006); *Schwab v. Philip Morris USA, Inc.*, No. 04-CV-1945 (E.D.N.Y. Mar. 20, 2006). Therefore, Plaintiff is directed to produce documents 16, 17, 19, 22 and 25 listed on Exhibit B.

Any prejudice to Defendant resulting from Plaintiff's failure to produce the list and these five documents is minor and can be remedied short of a preclusion order. Defendant claims that it will be prejudiced by reopening the deposition of Dr. Gaughan prior to trial be cause it will interfere with Defendant's trial preparation. Since no trial date has yet been set, this argument does not carry much weight. Defendant also argues that the belated disclosures may have an impact on its expert's report. This prejudice is also easily remedied short of preclusion. Following the reopened deposition of Dr. Gaughan, Defendant will be afforded an opportunity to amend its expert disclosure, on the limited issue of responding to these additional documents, if necessary.

### 4. The Possibility of a Continuance

No trial date has been set, so no continuance is necessary. The failure of Plaintiff to comply with the Federal Rules of Civil Procedure with respect to its expert disclosures can be remedied without resort to the drastic remedy of preclusion and can be readily accomplished prior to the start of trial.

"The district court has wide discretion in punishing failure to conform to the rules of discovery." *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (Rule 37 sanction); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir. 1979) (same)). The preclusion order requested by Defendant is inappropriate, I nonetheless find that Plaintiff has violated the discovery rules and some sanction is warranted.

Plaintiff's failure to produce the list of documents reviewed by, but not relied upon by Dr. Gaughan is certainly contrary to the Federal Rules of Civil Procedure. However, given the fact that no trial date has yet been set, that failure can be easily remedied. Plaintiff shall produce all documents identified by Dr. Gaughan, to the extent not already produced, within ten (10) days of the date of this Order. If necessary, the deposition of Dr, Gaughan shall be reopened, at Plaintiff's expense, to allow Defendant the opportunity to question Dr. Gaughan regarding his consideration of the documents considered but not relied upon. Such deposition shall take place within thirty (30) days. Thereafter, Defendant shall be permitted to supplement its expert's report, if necessary, to address any information gleaned from the reopened deposition of Dr. Gaughan. Any such amended report shall be filed within sixty (60) days of the date of this Order.

## III. **CONCLUSION**

For the reasons discussed above, discovery in this matter is re-opened for the limited purposes described below:

(1) Defendant is directed to produce "all communications with Custom Tape Company, the manufacturer of Steri-Tamp, including any orders by Defendant" from June 15, 2006 to the present. In addition, Defendant shall produce launch plans, market projections or market studies and forecasts for Defendant's products outside the United States prepared after June 15, 2006. These documents shall be produced within thirty (30) days from the date of this Order;

(2) Defendant shall supplement its May 10, 2006 answers to two interrogatories: (a) the date, quantity and dollar amount of each order for Steri-Temp and Quali-Quick placed by Defendant with Custom Tape in 2005 and 2006, and (b) each effort made by Defendant to market and sell Steri-Temp and Quali-Quick in 2005 and 2006. Defendant shall provide answers to those interrogatories for the balance of 2006, 2007 and 2008 and produce documents supporting those answers within thirty (30) days of the date of this Order;

(3) Plaintiff shall produce all documents identified by Dr. Gaughan, to the extent not already produced within ten (10) days;

(4) at Defendant's election, the deposition of Dr, Gaughan shall be reopened, at Plaintiff's expense, to allow Defendant the opportunity to question Dr. Gaughan regarding his review of the documents considered but not relied upon. Such deposition shall take place within thirty (30) of the date of this Order; and

(5) Defendant shall file an amended expert report, if necessary, within sixty (60) days of the date of this Order.

The parties are directed to file an Amended Joint Pretrial Order no later than December 10, 2008.

**SO ORDERED:**

Dated: Central Islip, New York
September 24, 2008

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge